**FILED**
*December 7, 2015*
Third Court of Appeals
Jeffrey D. Kyle
Clerk

CAUSE NO 03-15-00513-CV

In the Court of Appeals
Third Court of Appeals District
Austin, Texas

ELWYN D. SHUMWAY, APPELLANT

vs.

WHISPERING HILLS OF COMAL COUNTY, TEXAS
PROPERTY OWNERS ASSOCIATION, INC.,

APPELLEE

Appeal from Case No. C2015-0215A; 22nd Judicial District
Comal County, Texas
Hon. Dibrell Waldrip, Presiding

## REPLY BRIEF

Elwyn D. Shumway
Pro Se Litigant
8406 Zodiac
Universal City, TX 78148
(210) 860-6613 Cell
shumd@att.net



RECEIVED
DEC 0 7 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Texas Rule of Appellant Procedure 38.1(a), Appellant presents the following list of all parties and names and address of its counsel:

Appellant/Plaintiff:
Elwyn D. Shumway

Pro Se Litigant:
Elwyn D. Shumway
8406 Zodiac
Universal City, TX 78148
(210) 860-6613 Cell
shumd@att.net

Respondent:
The Honorable Dibrell Waldrip
433rd Judicial District
Comal County, Texas
150 N. Seguin, Suite 317
New Braunfels, TX 78130

Appellee/Defendant:
Whispering Hills of Comal
County Property Owners
Association, Inc.

Counsel:
Mr. Zachary B. Aoki
State Bar No. 01275870
Thurman & Phillips, P.C.
4093 De Zavala Road
San Antonio, TX 78249
(210) 341-2020
zaoki@thurman-phillips.com

1

# TABLE OF CONTENTS

|  | Page |
|---|---|
| IDENTITY OF PARTIES AND COUNSEL................... | 1 |
| TABLE OF CONTENTS................................ | 2 |
| REPLY BRIEF BY APPELLANT........................ | 3 |
| COMMENTS ON BRIEF OF APPELLEE................... | 6 |
| APPELLANT'S SUMMARY OF BRIEF OF APPELLEE........ | 14 |
| PRAYER.......................................... | 16 |
| CERTIFICATE OF COMPLIANCE....................... | 17 |
| CERTIFICATE OF SERVICE ......................... | 18 |

CAUSE NO 03-15-00513-CV

---

In the Court of Appeals
Third Court of Appeals District
Austin, Texas

---

ELWYN D. SHUMWAY, APPELLANT

vs.

WHISPERING HILLS OF COMAL COUNTY, TEXAS
PROPERTY OWNERS ASSOCIATION, INC.,
APPELLEE

---

Appeal from Case No. C2015-0215A; 22nd Judicial District
Comal County, Texas
Hon. Dibrell Waldrip, Presiding

---

REPLY BRIEF

TO THE HONORABLE COURT OF APPEALS:

Appellant, Elwyn D. Shumway, pro se litigant, files this Reply Brief to Appellee's Brief of Appellee and respectfully states:

3

At the trial court, Appellee asked the court to dismiss the case. The trial court decided to do so and granted Appellee's request. The trial judge indicated the Appellant could appeal the decision. The Appellant asked the trial judge what the specific basis was for granting dismissal. The trial judge stated that as a matter of law he was ruling that the statute of limitations has run. The trial judge further stated that we are not talking about the facts, allegations or the merits of the case but rather we are talking about the facts regarding the statute of limitations (2RR pgs 58-59 starting at line 6 of pg 58).

The issue that emerged before the trial court was whether or not the four year statute of limitations which applies to promissory estoppel as a cause of action had expired before Appellant filed his petition on February 14, 2015. To make such a determination the date the statute of limitations must be established. As discussed more fully and properly cited in Appellant's Brief, the Appellee is required to prove as a matter of law the <u>date</u> on which the limitation commenced, i.e., when the cause of action accrued and that the Plaintiff/Appellant filed its petition outside the applicable limitations period. When the cause of action accrued is the date of accrual. As discussed in the Appellant's Brief, three conditions need to be met for a date of accrual to exist: a legal injury, an actual controversy or dispute to be resolved by a court, and the

4

earliest date the plaintiff had authority and an opportunity to file a claim in court.

When a movant asserts limitations as a defense, the Plaintiff/Appellant then needs to adduce proof, raising issue in avoidance of the statute of limitations. The Appellant has done so in the ISSUES PRESENTED in Appellant's Brief and firmly believes considering the information in the record the trial court erred in granting dismissal.

## COMMENTS ON BRIEF OF APPELLEE

On November 25, 2015 the Appellee filed Appellee's Brief of Appellee. The following are Appellant's comments regarding statements made in that brief in the order the statements are presented.

1. <u>Reference the last sentence, page viii, ISSUES PRESENTED</u>. At the June 17, 2015 hearing, the trial judge did say that as the way the petition is now worded there was no basis in law regarding the allegations (1RR, page 18, lines 6-10). However, the trial judge provided the Appellant an opportunity to rewrite the cause of action which was done in the Second Amendment to petition. Subsequently, the trial judge did not make a decision that the pleadings did not state a claim.

2. <u>Reference second to last line, page 2, STATEMENT OF FACTS</u>. The Appellee states that Mr. Bepko stated that some owners, including the Appellant, had a <u>dispute</u> with the Association. Actually, Mr. Bepko stated he was aware there was a <u>disagreement</u> with .. (CR 7). Perhaps a small distinction except when considering the criteria for establishing a date of accrual which determines the starting date for statute of limitations. Appellant has explained in ISSUE PRESENTED #1 of Appellant's Brief that a cause of action does not accrue and the statute of limitations

is not operative until an actual controversy has arisen. There was no actual controversy or big dispute created until well within the period of limitations.

3. <u>Reference page 4, SUMMARY OF THE ARGUMENT</u>. Appellee states the trial court acted properly because the allegations establish that the APPELLANT had no right to use his lots for business purposes. The record does not reflect the trial judge making such a decision. Furthermore, this is a matter to be determined when and if the Appellant's Petition is heard in a court of law and is not a factor pertaining to the issue of limitations. What the trial judge did, however, is grant Appellee's Motion to Dismiss thus preventing Appellant's petition from being considered by a court unless the Court of Appeals agrees with the Appellant's appeal.

On this page, the Appellee also states the trial court acted properly because the Appellant knew he could not use his property for business purposes more than four years before he filed suit. Case law does not provide that simply knowing something for an undetermined period of time starts the time for statute of limitations to begin. The criteria and standard for doing so, i.e., to establish a "date certain" is discussed fully in the ISSUES PRESENTED of Appellant's Brief.

7

4. Reference Sections I, II and III, pages 5 to 9, ARGUMENT. In Section I, Appellant agrees the court is to review de novo and wishes to point out that all the matters included in Appellant's Brief are included in the record considered by the trial judge. Also, Appellant wishes to point out that even though Appellant's Second Amended Petition is part of the record, the trial judge never read it (2RR, pg 6, lines 7-9); however, it was made known that the cause of action in the rewritten petition was promissory estoppel. Even though the trial judge did not read the Second Amendment, the Appellant believes the Court of Appeals should include it in its consideration. The exhibits are the same for the Original, the Amended and the Second Amendment. In Section II, the Appellee states the trial court did not have the power to rewrite the unambiguous deed. Appellant has never asked the court or the homeowners association (i.e., Appellee) to rewrite or change the deed as written and recorded in any way (see 2RR, pg 17, lines 9-16 and pg 31, lines 7-8) and there is no need to. As discussed in the Second Amended Petition, Appellant's request to use lots for either residential or business can be accommodated without any change to the deed. (Note: With regard to the court's authority, item 17 of the deed restrictions does indicate a court has the authority to invalidate any of the covenants and restrictions. See Exhibit "A" to Enclosure, CR 8).

8

The remainder of Appellee's statements in Section II do not pertain to the issue of limitations. In Section III, page 7, the Appellee has added a footnote referring to Federal Rule for Civil Procedures 12(b)(6) which is included as Appendix A. That rule provides that the failure to state a claim upon which relief can be granted may be used as a defense but that defense is to be made by a motion. There is no such motion in the record considered by the trial court. In the footnote, Appellee refers to GoDaddy.com LLC v. Toups (the cite is provided in the footnote). In this case, under II STANDARD OF REVIEW, several cases are cited. Of note is Ashcroft, 556 U.S. at 678-79, 129 S. Ct. 1937 which provides that under Federal rules, the complaint is liberally construed in favor of the plaintiff and all well pleaded facts are taken as true. In Twombly, 550 U.S. at 570, 127 S. Ct. 1955, it is concluded that in determining whether the trial court erred the court is to take all of plaintiff's allegations as true and conclude whether plaintiff's petition contains enough facts to state a claim to relief that is plausible on its face. Further, in Scanlon v. Tex. A & M Univ., 343, F.3d 533, 536 (5th Cir. 2003), it is specified that dismissal is appropriate if the court determines beyond doubt that the plaintiff can prove no set of facts to support a claim that would entitle him to relief. Also in the footnote reference is made to Mann v. Adams Realty Co. (the cite provided in footnote.).

9

In the court's consideration of the motion to dismiss Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) is cited which provides that a motion under Rule 12(b)(6) for failure to state a claim is an appropriate method for raising a statute of limitations defense, it has long been the rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Appellant clearly established in his petition a claim that his lots should be able to be used for either residential or business. Further, Appellant believes there are sufficient facts provided in his petition to support the claim. A summary of some facts and evidence is contained on page 6 of Second Amendment to Petition (CR 8).

Reference Section III, pages 7, paragraph A. As a matter of law, the Defendant/Appellee must conclusively prove a date of accrual as the date limitations begins to run. The elements required to establish a date of accrual are included in discussion of ITEMS PRESENTED in Appellant's Brief. One of the elements to be proven is the date when a person first had an opportunity to file a petition. The Appellant established as a fact that he did not have possession of any document(s) to provide a basis or opportunity for filing a petition

until he first got possession of the letter signed by Mr. Bepko (CR 7) which was within the period of limitations. The circumstances and time when Appellant got possession of the letter is discussed at 2RR, page 27, line 24 to line 14, pg 28. It is also discussed in more specific detail in Appellant's Brief under ISSUE PRESENTED #3, bottom of page 16 to middle of page 17. The earliest date Appellant could have gotten possession of the letter is January 25, 2012. Reference Section III, pages 7-9, paragraph B. The Appellee states that the Appellant stated he did not suffer a legal injury until he inquired (underline added) about the use of his property for business purposes. This statement is inaccurate and nothing in the record supports Appellee's statement. As discussed in the record and further included in discussion of ISSUE PRESENTED #2 of Appellant's Brief, Appellant contends the legal injury did not occur until Appellant first requested the homeowner's association (Appellee) to consider documents to support Appellant's request (request submitted on November 13, 2014 (Tab 7 of Appellant's Brief) and the request was denied on December 1, 2014 (CR 2) and/or when the Appellee notified Appellant that after years of consideration Appellee was going to file a dedicatory instrument stating that all lots must be used strictly for residential purposes (CR 8). Appellant objected as evidenced by the Appellant's Affidavit filed on January

11

8, 2015 (CR 12). The matter of when legal injury occurred is included in discussion of the ISSUES PRESENTED of Appellant's Brief.

The Appellee refers often to the contract for deed but does not address the one recorded document which should be controlling – that being the Appellant's Warranty Deed. Appellant believes the discussion regarding what the deed provides, or for that matter what can be proved was the developer intent, is a matter to be considered when the merits of the case can be heard and is not a pertinent matter when considering the issue of whether or not the Appellant filed his petition within the period of limitations. Finally, at the top of page 9 Appellee states Appellant wants to disavow those portions of the Bepko letter that do not benefit him. There is nothing in the record to support such assertion and there is nothing in the letter Appellant wishes to disavow.

5. Reference page 9, APPELLEE's CONCLUSION. The Appellee's overall conclusion is that there is no basis in law to declare that Appellant was entitled to use his property for business purposes – therefore the trial court did not commit an error. This assertion does not address the issue upon which the appeal is requested -- specifically statute of limitations. Given an opportunity to have Appellant's petition

considered in a court, a determination can then be made regarding the authorized use of Appellant's property.

## APPELLANT'S SUMMARY OF BRIEF OF APPELLEE

The single issue that emerged from the hearings at the trial court level was whether or not the Defendant/Appellant filed his petition within or outside the four year period of limitations. It was on this issue alone that the trial judge stated he decided as a matter of law to grant Defendant/Appellee's motion to dismiss. The Appellant argues the Appellee did not conclusively prove the date the period of limitation commenced and in Appellant's Brief has provided ample evidence to support Appellant's argument. Appellant further argues that the trial judge in considering the facts in the record regarding the statute of limitations made an error in concluding that the statute of limitations had run.

Appellant has considered the Brief of Appellee and finds nothing that convincingly refutes the content of Appellant's Brief. In fact, in the Appellee's overall CONCLUSION, page 9, the Appellee chose to address the issue of use of property rather than providing argument on the issue of limitations.

In summary, the Appellant stands by the arguments made in Appellant's Brief and does not believe any information provided in the Brief of Appellee diminishes those arguments. Further, Appellant firmly believes ample evidence has been provided to satisfy the standard of

review for reversible error stipulated in Rule 44 of the Texas Rules of Appellant Procedures.

## PRAYER

Appellant respectfully requests the Court of Appeals grant the prayers included in Appellant's Brief.


Respectfully submitted

ELWYN D. SHUMWAY
Pro Se Litigant
8406 Zodiac
Universal City, TX 78148
(210) 860-6613 – cell
shumd@att.net

## CERTIFICATE OF COMPLIANCE

I certify the Appellant's Reply Brief does not exceed the word count or page limit as set forth in the Texas Rules of Appellant Procedure.

_Elwyn D. Shumway_
ELWYN D. SHUMWAY

17

## CERTIFICATE OF SERVICE

I certify that the undersigned provided a true and correct copy of this document to the Appellee by certified mail on *December 4, 2015.*

_Elwyn D. Shumway_
ELWYN D. SHUMWAY

18

Mr. Dale Shumway
8406 Zodiac Dr.
Universal City, TX 78148-2611



CERTIFIED MAIL

7015 1660 0000 7361 2838



U.S. POSTAGE
PAID
UNIVERSAL CITY,TX
78148
DEC 04, 15
AMOUNT

$1.64
0010118005

1000
78711

U.S. POSTAGE
PAID
UNIVERSAL CITY,TX
78148
DEC 04, 15
AMOUNT

$3.45
0010118005

1000
78711



To

THIRD COURT OF APPEALS
P.O. BOX 12547
AUSTIN, TEXAS 78711-2547